U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEC 2 9 2009

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  ) ) ) | |
| Plaintiff,  ) ) ) ) ) ) ) | CIVIL ACTION NO. $09$-$1058$ |
| ) )  v.  ) ) | COMPLAINT |
| DELTA FAMILY HEALTH AND FITNESS FOR CHILDREN INC.  ) ) ) ) ) ) | JURY TRIAL DEMAND |
| Defendant.  ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson, who were adversely affected by such retaliation. As alleged with greater particularity in paragraphs 7a through 8l below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Delta Family Health and Fitness Center retaliated against Ms. Tara Daigle after she complained of sexual harassment by terminating her employment and discharged Ms. Trenia Martin in retaliation because Ms. Daigle named her as a witness to the harassment. The Commission further alleges that Defendant terminated the employment of Ms. Moseby and Ms. Wilson after they complained they were paid less because of their race, black, and because they filed charges of discrimination with the Commission.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.      The employment practices alleged to be unlawful were and are now being

committed within the jurisdiction of the United States District Court for Western District of

Arkansas, El Dorado Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"),

is the agency of the United States of America charged with the administration, interpretation and

enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1)

and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Delta Family Health and Fitness for Children,

Inc., (the "Defendant Employer"), has continuously been an Arkansas corporation doing business

in the State of Arkansas and the City of Hamburg and has continuously had at least 15

employees.

5.      At all relevant times, Defendant Employer has continuously been an employer

engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h)

of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Tara Daigle, Trenia Martin, Shannon Wilson, and Esther Moseby filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least December 2007 and continuing, Defendant Employer engaged in unlawful employment practices at its Hamburg, Arkansas facility, in violation of Sections 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

      a.      Ms. Tara Daigle was hired as a Behavior Coach in November of 2007.

      b.      Ms. Daigle was subjected to what she believed was sexual harassment in December of 2007, by Andrew James, Senior Behavior Coach.

      c.      Ms. Trenia Martin was hired as a Behavior Coach in November of 2007.

      d.      Ms. Martin was a witness to the sexual harassment of Ms. Daigle in December 2007.

      e.      On or about Friday, January 4, 2008, Ms. Daigle reported Mr. James' sexual harassment to her supervisor Lauren Ferrell, Behavior Coach Supervisor.

      f.      Ms. Daigle also reported that same day Mr. James' sexual harassment to Mr. Dean Hill, the facility's owner.

      g.      Ms. Daigle told Mr. Hill that Ms. Martin had witnessed Mr. James' conduct

      h.      Ms. Daigle and Ms. Martin were terminated on or about Monday, January 7, 2008, for allegedly not meeting the requirements of the job.

i.    Neither Ms. Daigle nor Ms. Martin had any written documentation for performance issues prior to their termination.

8.    Since at least October 2008 and continuing, Defendant Employer has engaged in unlawful employment practices at its Hamburg, Arkansas facility, in violation of Sections 704(a) of Title VII, 42 U.S.C. §2000e-3(a).

a.    Ms. Esther Moseby was hired as a Behavior Coach on November 6, 2007.

b.    On or around June 2008, Ms. Moseby allegedly discovered that a white male hired after her was being paid more per hour.

c.    Ms. Moseby filed a charge of discrimination under Title VII and the Equal Pay Act on August 1, 2008.

d.    Ms. Moseby alleged that she was paid less wages because of her race, black, and sex, female.

e.    Defendant Employer received Ms. Moseby's charge of discrimination on or around August 5, 2008.

f.    After receiving Notice of Ms. Moseby's charge of discrimination, Defendant issued write-ups to Ms. Moseby on August 11, 2008, August 20, 2008, and on October 15, 2008.

g.    Ms. Shannon Wilson was hired as a Behavior Coach on August 7, 2008.

h.    Ms. Wilson submitted a questionnaire to the Commission on October 17, 2008.

i.    Ms. Wilson filed a charge of discrimination alleging she was paid less wages because of her race, black.

4

          j.     The Notice of the Charge was mailed to Defendant Employer on October 21, 2008.

          k.     Defendant Employer terminated the employment of Ms. Wilson and Ms. Moseby on October 24, 2008.

          l.     Ms. Moseby amended her charge on November 4, 2008, to include retaliation.

9.     The effect of the practices complained of in paragraphs 7a through 8l above has been to deprive Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson equal employment opportunities and otherwise adversely affect their status as employees because of retaliation.

10.     The unlawful employment practices complained of in paragraphs 7h, 8f, and 8k were and are intentional.

11.     The unlawful employment practices complained of in paragraphs 7h, 8f, and 8k were done with malice or with reckless indifference to the federally protected rights of Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement, expungement of personnel records, and restoration of all benefits to which Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson would have been entitled from the dates of their unlawful discharge to the present.

D.     Order Defendant Employer to make whole Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraphs 7a through 8l above, including job search and replacement benefits' expenses, out-of-pocket medical expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make whole Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 7a through 8l above, including emotional distress, pain and suffering, embarrassment, humiliation and inconvenience, in amounts to be determined at trial.

F.     Order Defendant Employer to pay Tara Daigle, Trenia Martin, Esther Moseby, and Shannon Wilson who were subjected to Defendant Employer's practice of discriminatory discharge punitive damages for its malicious and reckless conduct described in paragraphs 7a through 8l above, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public

6

interest.

      H.     Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, DC 20507

**FAYE A. WILLIAMS**
Regional Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0088

**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
AR #88081

**PAMELA B. DIXON**
Senior Trial Attorney
AR #95085

EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana St., Suite 200
Little Rock, Arkansas 72201
(501) 324-5539
(501) 324-5065

william.cash@eeoc.gov
pamela.dixon@eeoc.gov

8