# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF ARKANSAS
# EL DORADO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>   Plaintiff,<br><br>TARA DAIGLE,<br><br>   Plaintiff-Intervenor,<br><br>TRENIA MARTIN,<br><br>   Plaintiff-Intervenor,<br><br>v.<br><br>DELTA FAMILY HEALTH AND FITNESS FOR CHILDREN INC.<br><br>   Defendant. | Civil Action No.<br>09-1058 |

## CONSENT DECREE

### INTRODUCTION

Plaintiff, Equal Employment Opportunity Commission ("Commission"), instituted this civil action on December 29, 2009, based on charges of discrimination filed by Tara Daigle ("Daigle"), Trenia Martin ("Martin"), Shannon Wilson ("Wilson"), and Esther Moseby ("Moseby"). Daigle and Martin filed a Complaint in Intervention on April 16, 2010. The Commission's Complaint alleges that Defendant Delta Family Health and Fitness for Children, Inc. ("Defendant"), violated Title VII of the Civil Rights Act of 1964 (Title VII), and Title I of the Civil Rights Act of 1991 when it terminated the employment

of Daigle and Martin for engaging in protected activities and when it terminated the employment of Wilson and Moseby for filing charges of discrimination. Defendant filed its Answer to the Complaint and Complaint in Intervention on February 24, 2010, and April 22, 2010, respectively. Defendant denied all allegations of wrongdoing and asserted numerous affirmative defenses.

Defendant continues to deny any liability, but all parties wish to resolve the instant controversy without the expense, delay, and burden of further litigation, and Defendant admits no liability by signing this document.

If this Consent Decree is not approved or does not become final, the parties shall not admit it in evidence in any subsequent proceeding in this action.

This Court has reviewed the terms of the Consent Decree in light of the applicable laws and regulations and the representations of counsel for all parties and hereby approves the Consent Decree.

### I. JURISDICTION

1. The United States District Court for the Western District of Arkansas, El Dorado Division, has jurisdiction over the parties and subject matter of this litigation.

### II. SCOPE AND DURATION OF AGREEMENT

2. This Consent Decree resolves only Charge No. 493-2008-01312 filed by Daigle; Charge No. 493-2008-01313 filed by Martin; Charge No. 846-2009-02755 filed by Wilson; and Charge No. 493-2008-01463 filed by Moseby that created the procedural foundation for the Complaint filed by the Commission in this case.

3. This Consent Decree resolves the federal claims of Daigle, Martin, Wilson, and Moseby who alleged retaliation in Defendant's workplace.

4. No waiver, modification, or amendment of any provision of this Consent Decree shall be effective unless made in writing and signed by all parties. No representations or inducements to compromise this action have been made other than those recited or referenced in this Consent Decree.

5. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court.

6. This Agreement shall remain in effect for two years.

### III. INJUNCTIVE RELIEF

7. Defendant, its officers, agents, management, (including supervisory employees), successors, and assigns are enjoined from retaliating against any employee because the employee complained of discrimination or because the employee filed charges of discrimination.

### IV. TRAINING

8. Defendant will redistribute its retaliation policy, attached as Exhibit C, to all employees. Defendant will maintain and enforce its policy.

9. Defendant will continue to incorporate this policy in its Handbook, and whenever a new supervisor, manager, or employee is hired, Defendant will continue to require him or her to read and sign for receipt of Defendant's handbook which contains this policy.

10. Within 90 days of entry of this Decree by the Court, Defendant shall provide two hours of retaliation training to all personnel at its facility in Hamburg, AR. Defendant will continue to retain an outside Human Resources Expert or Attorney who is knowledgeable about retaliation in the workplace and has experience in labor and employment law to conduct the training. The training seminar will be videoed. All of

Defendant's employees and supervisors, both managerial and non-managerial, shall attend the live seminar or a videotaped showing of the live seminar at least once every year that the Decree is in effect. New employees shall view the videotape within 30 days of commencing employment. Defendant may have duplicative videotaped seminars to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicative seminars.

11. The training seminar will primarily focus on:

   a. What constitutes retaliation for engaging in protected activity under Title VII;

   b. To whom and by what means employees may complain if they if they feel they have been discriminated against based on retaliation;

   c. Reviewing and explaining Defendant's anti-discrimination policies;

   d. The impact of *Burlington Northern & Santa Fe Railway Co. v. White*, *Crawford v. Metropolitan Government of Nashville & Davidson County*, and *Thompson v. North American Stainless* in the workplace; and

   e. What the employer can do to prevent retaliation in the workplace.

12. Immediately after the training is administered, each employee will sign a statement affirming that he or she received the training. Each manager and supervisor will also sign a statement affirming that they understand that their failure to follow company policy may result in disciplinary action up to and including termination.

13. Within 30 days of the training, Defendant shall provide to the EEOC a roster of all attendees and a copy of the training video and materials.

14. Within 30 days after the requirements in this Section have been met, Defendant

4

will submit a report confirming that all requirements of this Section have been met.

## V. REPORTING

15. Defendant will provide two reports to the EEOC after entry of the Decree. Each report will describe any complaints of retaliation, describe the investigation conducted by Defendant in response to the complaint, and indicate how the complaint was resolved.

16. Each report will also include a certification by Defendant that the notice required to be posted pursuant to Section VII of this Decree remained posted from the entry of this Consent Decree until the date of each report.

17. Defendant will submit the first report within 12 months of entry of the Decree. Defendant will submit the second report within 23 months of entry of the Decree.

18. All reports required by this Decree will be forwarded to Pamela B. Dixon, Senior Trial Attorney, at the Little Rock Area office of the EEOC.

## VI. NOTICE POSTING

19. Defendant shall continue to conspicuously post at Delta Family Health and Fitness for Children the notice (poster) required by law. Defendant will ensure that the most current poster is being utilized.

20. Within 30 days of the entry of this Consent Decree, Defendant shall post and cause to remain posted for a period of two years at Delta Family Health and Fitness for Children the notice attached hereto as Exhibit A. The notice shall be in the same typeface and size as Exhibit A and shall be on official letterhead.

## VII. CHARGING PARTY RELIEF

21. In full settlement of this case, Defendant shall pay a total of $87,500 pursuant to the following amounts:

   a. **Tara Daigle**

   1. $21,000 in non pecuniary compensatory damages and interest.
   2. $4,000 in back pay and interest, subject to employee income and payroll tax withholding.

   b. **Trenia Martin**

   1. $14,750 in non pecuniary compensatory damages and interest.
   2. $4.000 in back pay and interest, subject to employee income and payroll tax withholding.

   c. **Shannon Wilson**

   1. $17,875 in non pecuniary compensatory damages and interest.
   2. $4,000 in back pay and interest, subject to employee income and payroll tax withholding.

   d. **Esther Moseby**

   1. $17,875 in non pecuniary compensatory damages and interest.
   2. $4,000 in back pay and interest, subject to employee income and payroll tax withholding.

22. Defendant will issue Daigle a W-2 for the back pay amount of $4,000 and will issue Daigle a 1099 form for compensatory damages and interest on back pay in the amount of $21,000.

23. Defendant will issue Martin a W-2 for the back pay amount of $4,000 and will issue Martin a 1099 form for compensatory damages and interest on back pay in the amount of $14,750.

24. Defendant will issue Wilson a W-2 for the back pay amount of $4,000 and will issue Wilson a 1099 form for compensatory damages plus interest on back pay in the amount of $17,875.

25. Defendant will issue Moseby a W-2 for the back pay amount of $4,000 and will issue Moseby a 1099 form for compensatory damages plus interest on back pay in the amount of $17,875.

26. Within 45 business days of the entry of this Decree by the Court, Defendant shall mail checks, via certified mail, to the following at the following addresses:

> Tara Daigle and Rebecca Jones
> McAlester Building, Ste. 409
> 124 South Jackson
> Magnolia, AR  71754
>
> Trenia Martin and Rebecca Jones
> McAlester Building, Ste. 409
> 124 South Jackson
> Magnolia, AR  71754
>
> Shannon Wilson
> 200 West Radford, Apt. A
> Hamburg, AR  71646
>
> Esther Moseby
> P.O. Box 295
> Hamburg, AR  71646

27. Late payment of the checks to Daigle, Martin, Wilson, and Moseby shall be subject to the accrual of interest pursuant to 28 U.S.C. §1961.

28. Defendant shall provide copies of the checks issued to Daigle, Martin, Wilson

7

and Moseby to Senior Trial Attorney Pamela Dixon at the address provided below.

## VIII. EXPUNGEMENT

29. Defendant agrees to expunge the personnel records of Daigle, Martin, Wilson, and Moseby by removing any reference to their charges of discrimination, their participation as witnesses, or the litigation of these matters.

30. If any potential employer of Daigle, Martin, Wilson, and Moseby requests a job reference, the request shall be forwarded to the attention of the Human Resources Manager of the Defendant. The reference shall be identical to Exhibit B and be on company letterhead. No mention of the charges of discrimination or this lawsuit shall be made as part of any reference.

## IX. NOTIFICATION OF SUCCESSORS

31. While this Consent Decree is in effect, Defendant will provide to any potential purchaser of Defendant's business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, prior written notice of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence of the Consent Decree and contents and obligations of the settlement.

## X. ENFORCEMENT

32. If Defendant fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide 10 days notice to Defendant of any deficiency in complying with the terms of the Decree. If the parties are unable to reach agreement regarding resolution of any such deficiency in Defendant's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

## XI. COSTS

33. Each party shall bear that party's own costs, attorneys' fees, and expenses.

                                                                        */s/ Harry F. Barnes*
                                                                         HARRY F. BARNES
                                                                         U.S. DISTRICT JUDGE

DATE:    4/29/11

**FOR THE COMMISSION:**

**P. DAVID LOPEZ**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ Faye A. Williams/*

**FAYE A. WILLIAMS**
Regional Attorney

*/s/ Celia S. Liner/*

**CELIA S. LINER, AR 90183**
Acting Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104

*/s/ Pamela B. Dixon/*

**PAMELA B. DIXON**
Senior Trial Attorney

*/s/ Markeisha K. Savage/*

**MARKEISHA K. SAVAGE**
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Little Rock Area Office
820 Louisiana, Suite 200
Little Rock, Arkansas 72201
(501) 324-5065
(501) 324-6474

**FOR DEFENDANT:**

*/s/ Gena H. Gregory/*

**GENA H. GREGORY**

Gregory & LaRue, PLLC
2800 Cantrell Road, Ste. 202
Little Rock, AR 72202
(501) 707-0464

**FOR PLAINTIFFS TARA DAIGLE and TRENIA MARTIN:**

*/s/ Rebecca A. Jones/*

**REBECCA A. JONES**
McAlester Building, Ste. 409
124 South Jackson Street
Magnolia, AR 71754
(870) 234-9200